UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

----------------------------------------------------------------X

UNITED STATES OF AMERICA,                              No.

                       Petitioner,

    vs.

CLAYTON HOLDINGS, LLC,

                       Respondent

----------------------------------------------------------------X

## MEMORANDUM IN SUPPORT OF MOTION FOR RULE TO SHOW CAUSE

The United States of America ("United States") respectfully moves the Court to issue an order to Clayton Holdings, LLC ("Clayton"), requiring Clayton to appear and show cause as to why Clayton should not comply with the production of documents required by the subpoena referenced above (attached as Exhibit 1). The United States has filed a summary enforcement action seeking Clayton's compliance with the subpoena.

On July 1, 2013, the United States issued an administrative subpoena to Clayton, pursuant to the Financial Institutions Reform and Recovery Act ("FIRREA"), 12 U.S.C. § 1833a(g)(1). The subpoena was served on July 2, 2013, with a return date of July 15, 2013. FIRREA authorizes the Attorney General of the United States, for the purpose of conducting an investigation in contemplation of a civil proceeding under FIRREA, to issue subpoenas requiring the production of "*any* books, papers, correspondence or other records *which the Attorney*

*General deems relevant or material to the inquiry.*" 12 U.S.C. § 1833a(g)(1)(C) (emphasis added).

The United States issued the subpoena in furtherance of the United States' nationwide investigation into the assembly, underwriting and issuance of residential mortgage-backed securities during the time period between 2005 and 2007. The investigation into residential-mortgage backed securities has been authorized by the Attorney General of the United States, as part of an effort to hold accountable all institutions that violated laws and that contributed to the 2008 collapse of the housing market and economy in the United States.

Clayton provided due diligence reviews of the mortgage loan pools collateralizing residential mortgage-backed securities for a number of financial institutions involved in the creation of these securities during 2005-2007. The due diligence reviews analyzed a sample of the loans collateralizing the securities and discussed potential problems with individual loans making up the loan pools, as did internal and external communications at Clayton associated with the reviews.  These activities relate directly to the United States' investigation. Accordingly, Clayton was subpoenaed to produce electronically stored information concerning Clayton's due diligence reviews and communications related to the same, the clients for whom Clayton performed the reviews and the Clayton employees who performed and managed these due diligence reviews.

For nearly six weeks, the United States has attempted to resolve this matter through negotiations with Clayton.  Clayton, however, refuses to produce the emails and other communications related to the due diligence work it performed in 2005-2007 (item 3 on the subpoena's list of document requests). These communications are crucial to the United States investigation as to the processes that went into the assembly and analysis of mortgage-backed

securities in 2005-2007. Further, despite receiving the subpoena more than forty-five days ago, Clayton has failed to take what it asserts is a necessary first step prior to producing the documents, to wit: contacting its clients for the purpose of informing them of Clayton's receipt of the subpoena. Clayton has refused to issue the client notices until an agreement is reached on the emails and other communications.

Moreover, in a further instance of delay, Clayton will not produce the subpoenaed daily and final due diligence reports it prepared on residential mortgage-backed security mortgage loan pools until two weeks after Clayton issues its client notices. With no date set for Clayton to issue its client notices, Clayton has effectively managed to delay complying with any portion of the subpoena for more than a month past the time document production was required. In sum, without the Court's assistance, Clayton will simply continue to flout the subpoena and delay providing crucial documents subpoenaed by the United States.

Although Clayton has previously produced some materials to components of the Justice Department, Clayton's productions have been incomplete and piecemeal, causing unnecessary delays to the government's investigation.

In order to assist Clayton in responding to the subpoena, the United States has offered to send Information Technology personnel to Clayton to retrieve the subpoenaed documents by preparing a duplicate or "mirrored" image of Clayton's servers, thus removing any cost or burden to Clayton for the production of electronically stored information. The United States anticipates that retrieving the requested information can be completed within a matter of hours.

In addition, the United States informed Clayton that the United States would enter into a "claw back" agreement with Clayton, pursuant to Federal Rule of Evidence 502(e). Under such an agreement, any privileged material or material not relevant to the United States' investigation

would be returned to Clayton, without waiver of any privileges. Clayton rejected the proposal, notwithstanding the fact that claw back agreements are an established means of protecting the confidentiality of materials that may be produced. While complaining of the alleged burdens entailed in producing the subpoenaed communications, Clayton has declined the offer to mirror Clayton's servers, and has rejected the United States' offer of a claw back agreement. Indeed, at time of writing, Clayton has produced no documents pursuant to the subpoena.

Federal agencies charged with seeing that the laws are enforced have, and may exercise, powers of original inquiry. *United States v. Morton Salt Co.*, 338 U.S. 632, 652-653. (1950) Subpoenas issued as part of these investigations must by their very nature be broad, and federal agencies need not narrow their focus from the beginning of their investigation. *United States v. Firestone Tire & Rubber Co.*, 455 F.Supp 1072, 1083 (D.D.C., 1978) (citation omitted). A federal court's task, in deciding whether to enforce an agency's investigatory subpoena, is limited to if: 1) inquiry is within the authority of the federal agency; 2) the information sought is reasonably relevant to the "general purpose" of that inquiry; and 3) the request is not indefinite or unduly burdensome. *Morton Salt Co.*, 338 U.S. at 652-653; *Firestone Tire*, 455 F.Supp at 1083. If these factors are met, the subpoena must be given effect. *Id.*

The United States' inquiry is clearly within its authority, pursuant to FIRREA. Moreover, given that Clayton was an acknowledged provider of due diligence services to the underwriters and creators of residential mortgage-backed securities during the 2005-2007 time period, the communications sought are reasonably relevant to the general purpose of the United States' inquiry. Indeed, the materials sought are crucial to the United States' investigation. Given the limited time period, and the options for document production offered to Clayton, Clayton will not be able to demonstrate that the subpoena is unduly burdensome.

For the reasons set forth above, the United States moves the Court to issue an Order to Show Cause to Clayton, requiring Clayton to appear and show why it should not be compelled to produce the subpoenaed documents. For the convenience of the Court, a proposed Order has been provided.

        Respectfully submitted,

        DEIRDRE M. DALY
        United States Attorney
        District of Connecticut

By:    /s/ John B. Hughes
        Assistant U.S. Attorney (No. 05289)
        157 Church Street, 25th Floor
        New Haven, CT 06510
        (203) 821-3700

        Edward K. Newman (EN 9670)
        Assistant U.S. Attorney
        Eastern District of New York
        271 Cadman Plaza East
        Brooklyn, N.Y. 11201
        (718) 254-6069