

## SUBPOENA DUCES TECUM
## FOR THE PRODUCTION OF DOCUMENTS

TO:  Clayton Holdings LLC    Subpoena No. EDNY FIRREA 2013-1
     Attn: Custodian of Records
     c/o Marc Rothenberg, Esq.
     Blank Rome LLP
     The Chrysler Building
     405 Lexington Avenue
     New York, New York 100174-0208

This subpoena is issued pursuant to 12 U.S.C. § 1833a(g)(1) in the course of an investigation to determine whether there is or has been a violation of one of the provisions of Title 18, United States Code, enumerated in 12 U.S.C. § 1833a(c), by conduct in connection with the origination, purchasing, underwriting or securitization of residential mortgage-backed securities.

You are hereby required to produce all documents in your possession, custody or control responsive to the requests in Exhibit A attached hereto in accordance with the instructions and definitions in Exhibits A and B and to make these documents available at 271 Cadman Plaza East, Brooklyn, New York 11201, for inspection and copying. Such production shall occur on or before July 15, 2013. You may deliver the documents to John Vagelatos at the United States Attorney's Office at the address set forth below.

The production of documents in response to this subpoena must be made under a sworn certification, in the form set forth, by a person or persons having knowledge of the facts and circumstances concerning such production.

To the extent that this subpoena calls for the production of documents or information that is subject to the Right of Financial Privacy Act, 12 U.S.C. sections 3401-22, I have enclosed a certificate of compliance with applicable provisions of that statute.

Inquiries concerning compliance with this subpoena should be directed to:

John Vagelatos
Assistant United States Attorney
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201
Tel: (718) 254-6182

Date: 7/1/13

BY: _____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136

LORETTA E. LYNCH
United States Attorney
Eastern District of New York

# EXHIBIT A

I. **DEFINITIONS**

   A. As used herein, the term "document" has the broadest construction of that term as set forth in Rule 34(a)(l)(A) of the Federal Rules of Civil Procedure, which necessarily includes any electronically stored information, as well as written, recorded, communicated, transmitted, or graphic material of any kind, and includes all drafts of a document and all copies that differ in any respect from the original, including any notation, underlining, marking, or information not on the original. The term "document" includes not only writings already set forth on paper, but also every other means by which information is recorded or transmitted, including but not limited to photographs, charts, graphs, tape recordings, discs, microfilms, computer programs or files, printouts, Word or WordPerfect documents, Excel spreadsheets, PowerPoint presentations, electronic mail, instant messages, text messages, Bloomberg messages or data, computer records, backup tapes, or other electronically generated or stored data, magnetic media, and any other data compilations or electronic media from which information can be obtained. The term "document" includes all electronic mail messages, instant messages and all attachments thereto, regardless of where they reside, including but not limited to: "in box" folders, "sent" folders, archived folders, bulletin boards, Blackberry or other remote systems, including Bloomberg devices, hard drives, e-mail servers, file servers, back-up tapes, discs, or other electronic media, and printed copies of electronic mail messages. When documents are stored on computer programs, discs or tapes, the records to be produced shall be accompanied by all programming and other instructions necessary for their use or retrieval.

   B. As used herein, the terms "you" and "your" refer to Clayton Holdings LLC; any of its predecessors; any of its present and former parents, subsidiaries, affiliates, officers, directors, employees, agents, representatives, or other persons acting for or on their behalf, including, but not limited to, any contractors or independent accountants or consultants.

   C. As used herein, the term "person" means any natural person, corporation, company, partnership, proprietorship, joint venture, firm, association, or other form of business or legal entity, and includes any affiliate, subsidiary, employee or representative thereof.

   D. As used herein, the term "concerning" means discussing, describing, reflecting, relating to, embodying, memorializing, containing, constituting, including, identifying, stating, studying, reporting, commenting, evidencing, analyzing, setting

forth, considering, recommending, concerning, or pertaining or being relevant to, in whole or in part.

## II. INSTRUCTIONS

A. Unless otherwise specified, the requests *infra* seek responsive documents for the time period January 1, 2005 through December 31, 2007.

B. Information and documents sought by these requests shall include information and documents within your knowledge, possession, custody or control, or within the knowledge, possession, custody or control of any of your agents, officers, employees, attorneys or investigators, or any person acting as your representative, including, but not limited to, any otherwise independent accountants or consultants.

C. The singular form of a word shall be interpreted as including the plural and vice versa. The masculine gender shall be deemed to include the feminine and vice versa. The term "and" shall be deemed to also mean "or" and the term "or" shall be deemed to also mean "and" so as to interpret each document request as broadly as possible.

D. The fact that some portion of the documents responsive to these requests may already be in the custody of the United States or a United States agency does not excuse compliance with this subpoena.

E. If the contention is made that any requested document is not subject to disclosure in whole or part by reason of privilege or otherwise, identify each such document by date, author(s), addressee(s), recipient(s), title, subject matter, purpose, present custody, and set forth the nature of the claimed privilege or other grounds for refusal to produce in a log.

F. If the contention is made that any section or part of any requested document is not subject to disclosure by reason of privilege or otherwise, please identify each such document as set forth above in Instruction E, produce a redacted version of the document, and in your privilege log identify the Bates range of the redacted version produced.

G. If it is known that any requested document or any set of documents that may have contained responsive documents was, but is no longer, in your possession, custody or control, state what disposition was made of the document and when, and state the date the documents were lost or destroyed.

H. Selection of documents from files and other sources shall be performed in such a manner as to ensure that the source and original location of each document may be readily determined.

I. File folders and other containers in which you find documents responsive to these requests, and labels identifying those folders and other containers, shall be produced intact with such documents.

J. Please see instructions in Exhibit B for producing electronically stored information.

K. With regard to Request Nos. 1 and 2, prior to any production of the database or responsive data from a structured database (e.g., Oracle, SAP, SQL, MySQL, QuickBooks, etc.), first identify the database(s) type and version number, provide the database dictionary and any user manuals, or any other documentation describing the structure and/or content of the database.

L. With regard to Request No. 1, after complying with instruction K *supra*, provide a backup of the entire relational database (for example, a .SDF file if it is a SQL implementation).

M. Documents must be produced in the same internal order in which they are found in your company's files. Documents that are found stapled, clipped or otherwise fastened together, or in file folders or other enclosures, must be produced in such form and in such folder or enclosure. Documents that are grouped or organized under a single classification or within an individual's selection of files must be produced as a whole without separation, irrespective of the number of distinct paragraphs of this subpoena to which such documents may be responsive. In addition, the name of the person from whose files each such document was produced must be identified.

N. Contemporaneous with your production of responsive, non-privileged documents, please produce an electronic sortable index (e.g., a Microsoft Excel spreadsheet) to your production setting the forth (1) the Bates ranges of the documents produced, (2) the numbered Document Request (and subsection) *infra* associated with the Bates ranges of the documents produced, and (3) the specific loan pool or pools associated with the Bates ranges of the documents produced, if any. If you produce documents on a rolling basis, please update the index with each production.

O. These requests are continuing in nature. You are thus required to amend your responses to these requests and to supplement your production if you learn that your prior responses and production are in some material respect incomplete or incorrect or if new responsive documents are generated.

P. All document requests should be responded to in accordance with the Instructions and Definitions provided herein.

## III. DOCUMENT REQUESTS

Please produce:

1. Any database you used, maintained, or accessed concerning your provision of due diligence services on mortgage loans and mortgage loan pools.

2. All data from any database you used, maintained, or accessed concerning your provision of due diligence services on mortgage loans and mortgage loan pools.

3. All communications, including e-mails, instant messages, or Bloomberg messages, concerning your provision of due diligence services on mortgage loans and mortgage loan pools.

4. Documents sufficient to identify all engagements, assignments, or projects concerning your provision of due diligence services on mortgage loans and mortgage loan pools, and the loan originator, the number of loans, and the time period during which you performed the due diligence services. In lieu of producing responsive documents, you may provide a spreadsheet (i.e., in Microsoft Excel) of all such engagements, assignments, or projects, including the loan originator, the number of loans, and the time period during which you performed the due diligence services.

5. All invoices for the engagements, assignments, and projects identified in response to Request No. 4 above.

6. All agreements and contracts between you and any other person concerning your provision of due diligence services on mortgage loans and mortgage loan pools.

7. Documents sufficient to identify the names, last known addresses and telephone numbers for your employees and contractors who performed, managed and provided due diligence services on mortgage loans and mortgage loan pools. In lieu of producing responsive documents, you may provide a spreadsheet (i.e., in Microsoft Excel) of the names, last known addresses and telephone numbers for your employees and contractors who performed, managed and provided due diligence services on mortgage loans and mortgage loan pools.

8. All documents concerning training, instructions, directions or guidance provided by you, or any other person, to your employees and contractors concerning performing due diligence services on mortgage loans and mortgage loan pools.

# EXHIBIT B: August 2011 Specifications for Production of ESI and Digitized ("Scanned") Images ("Production Specifications")

**Collection of Electronically Stored Information (ESI)**
Careful consideration should be given to the methodology, implementation and documentation of ESI collection to ensure that all responsive data and metadata are preserved in the collection process.

1. **Specification Modifications**
   Any modifications or deviations from the Production Specifications may be done only with the express permission of the Department of Justice (the "Department"). Any responsive data or documents that exist in locations or native forms not discussed in these Production Specifications remain responsive and, therefore, arrangements should be made with the Department to facilitate their production.

2. **Production Format of ESI and Imaged Hard Copy**
   Responsive ESI and imaged hard copy shall be produced in the format outlined below. All ESI, except as outlined below in sections 9 – 18, shall be rendered to type TIFF image format, and accompanied by a Concordance® Image Cross Reference file. All applicable metadata (see section 3 below) shall be extracted and provided in Concordance® load file format.

   a. **Image File Format:** All images, paper documents scanned to images, or rendered ESI, shall be produced as 300 dpi single-page TIFF files, CCITT Group IV (2D Compression). Documents should be uniquely and sequentially Bates numbered with an endorsement burned into each image.
   - All TIFF file names shall include the unique Bates number burned into the image.
   - Each Bates number shall be a standard length, include leading zeros in the number, and be unique for each produced page.
   - All TIFF image files shall be stored with the ".tif" extension.
   - Images should be able to be OCR'd using standard COTS products, such as LexisNexis LAW PreDiscovery™.
   - All pages of a document or all pages of a collection of documents that comprise a folder or other logical grouping, including a box, should be delivered on a single piece of media.
   - No image folder shall contain more than 2000 images.

   b. **Concordance® Image Cross Reference file:** Images should be accompanied by a Concordance® Image Cross Reference file that associates each Bates number with its corresponding single-page TIFF image file. The Cross Reference file should also contain the image file path for each Bates numbered page.
   - Image Cross Reference Sample Format:
     ABC00000001,OLS,D:\DatabaseName\Images\001\ ABC00000001.TIF,Y,,,
     ABC00000002,OLS,D:\DatabaseName\Images\001\ ABC00000002.TIF,,,,
     ABC00000003,OLS,D:\DatabaseName\Images\001\ ABC00000003.TIF,,,,
     ABC00000004,OLS,D:\DatabaseName\Images\001\ ABC00000004.TIF,Y,,,

   c. **Concordance® Load File:** Images should also be accompanied by a "text load file" containing delimited text that will populate fields in a searchable, flat database environment. The file should contain the required fields listed below in section 3.
   - ASCII text delimited load files are defined using the following delimiters:

*Field Separator*                                 ^ *or Code 094*
*Text Qualifier*                                      | *or Code 124*
*Substitute Carriage Return or New Line*    () *or Code 013*

- The text file should also contain hyperlinks to applicable native files, such as Microsoft Excel or owerPoint files.
- There should be one line for every record in a collection.
- The load file must contain a field map/key listing the metadata/database fields in the order they appear within the data file. For example, if the data file consists of a First Page of a Record (starting Bates), Last Page of a Record (ending Bates), Document ID, Document Date, File Name, and a Title, then the structure may appear as follows:

|BEGDOC#|^|ENDDOC#|^|DOCID|^|DOCDATE|^|FILENAME|^|TITLE|

- The extracted/OCR text for each document should be provided as a separate single text file. The file name should match the BEGDOC# or DOCID for that specific record and be accompanied by the .txt extension.

3. **Required Metadata/Database Fields**

- A "✓" denotes that the indicated field should be present in the load file produced.
- "Other ESI" includes non-email or hard copy documents, including but not limited to data discussed in sections 6-9, and 12-18 below.

| Field name | Field Description | Field Type | Field Value | Hard Copy | E-Mail | Other ESI |
|---|---|---|---|---|---|---|
| COMPANY | Company/Organization submitting data | Full Text | Unlimited | ✓ | ✓ | ✓ |
| BOX# | Submission/volume/box number | Note Text | 10 | ✓ | ✓ | ✓ |
| CUSTODIAN | Custodian(s)/Source(s) - format: Last, First or ABC Dept | Multi-Entry | Unlimited | ✓ | ✓ | ✓ |
| AUTHOR | Creator of the document | Note Text | 160 | | | ✓ |
| BEGDOC# | Start Bates (including prefix) - No spaces | Note Text | 60 | ✓ | ✓ | ✓ |
| ENDDOC# | End Bates (including prefix) - No spaces | Note Text | 60 | ✓ | ✓ | ✓ |
| DOCID | Unique document Bates # or populate with the same value as Start Bates (DOCID = BEGDOC#) | Note Text | 60 | ✓ | ✓ | ✓ |
| PGCOUNT | Page Count | Integer | 10 | ✓ | ✓ | ✓ |
| PARENTID | Parent's DOCID or Parent's Start Bates (for EVERY document including all Child documents) | Note Text | 60 | ✓ | ✓ | ✓ |
| ATTACHIDs | Child document list; Child DOCID or Child Start Bates | Multi-Entry | 60 | ✓ | ✓ | ✓ |
| ATTACHLIST | List of Attachment Bates numbers | Multi-Entry | Unlimited | | ✓ | ✓ |

| Field | Description | Type | Size/Format | | | |
|---|---|---|---|---|---|---|
| BEGATTACH | Start Bates number of first attachment | Note Text | 60 | ✓ | ✓ | ✓ |
| ENDATTACH | End Bates number of last attachment | Note Text | 60 | ✓ | ✓ | ✓ |
| PROPERTIES | Privilege notations, Redacted, Document Withheld Based On Privilege | Multi-Entry | Unlimited | ✓ | ✓ | ✓ |
| RECORD TYPE | File, E-mail, Attachment, or Hard Copy | Note Text | 60 | ✓ | ✓ | ✓ |
| FROM | Author - format: Last name, First name | Note Text | 160 | | ✓ | ✓ |
| TO | Recipient- format: Last name, First name | Multi-Entry | Unlimited | | ✓ | ✓ |
| CC | Carbon Copy Recipients - format: Last name, First name | Multi-Entry | Unlimited | | ✓ | ✓ |
| BCC | Blind Carbon Copy Recipients - format: Last name, First name | Multi-Entry | Unlimited | | ✓ | ✓ |
| SUBJECT | Subject/Document Title | Note Text | Unlimited | | ✓ | ✓ |
| DOCDATE | Document Date/Date Sent - Format YYYY/MM/DD | Date Keyed | YYYY/MM/DD | | | ✓ |
| BODY | E-mail body, Other Electronic Document Extracted text, or OCR | Full Text | Unlimited | ✓ | ✓ | ✓ |
| TIMESENT | Time e-mail was sent | Time | 10 | | ✓ | |
| DATECRTD | Date Created | Date | YYYY/MM/DD | | ✓ | ✓ |
| DATESVD | Date Saved | Date | YYYY/MM/DD | | ✓ | ✓ |
| DATEMOD | Date Last Modified | Date Keyed | YYYY/MM/DD | | ✓ | ✓ |
| DATERCVD | Date Received | Date | YYYY/MM/DD | | ✓ | |
| DATEACCD | Date Accessed | Date | YYYY/MM/DD | | ✓ | ✓ |
| FILESIZE | File Size | Note Text | 10 | | | ✓ |
| FILENAME | File name - name of file as it appeared in its original location | Full Text | Unlimited | | | ✓ |
| APPLICATION | Application used to create native file (e.g. Excel, Outlook, Word) | Note Text | 160 | | ✓ | ✓ |
| FILEPATH | Data's original source full folder path | Full Text | Unlimited | | ✓ | ✓ |
| NATIVELINK | Current file path location to the native file | Full Text | Unlimited | | ✓ | ✓ |
| FOLDERID | E-mail folder path (e.g. Inbox\Active) or Hard Copy container information (e.g. Folder or binder name) | Full Text | Unlimited | ✓ | ✓ | |
| PARAGRAPH | Subpoena/request paragraph number to which the document is responsive | Multi-Entry | Unlimited | ✓ | ✓ | ✓ |

| HASH | Hash value (used for deduplication or other processing) (e-mail hash values must be run with the e-mail and all of its attachments) | Note Text | Unlimited | | ✓ | ✓ |
| --- | --- | --- | --- | --- | --- | --- |
| MESSAGEHEADER | Email header. Can contain IP address | Full Text | Unlimited | | ✓ | |
| ATTACHMCOUNT | Number of attachments to an email | Note Text | 10 | | ✓ | |
| FILETYPE | Identifies the application that created the file | Note Text | 160 | | ✓ | ✓ |
| COMMENTS | Identifies whether the document has comments associated with it | Note Text | 10 | | ✓ | ✓ |

4. **De-duplication, Near-Duplicate Identification, Email Conversation Threading and Other Culling Procedures**

De-duplication of exact copies <u>within</u> a custodian's data may be done, but all "filepaths" must be provided for each duplicate document. The recipient shall not use any other procedure to cull, filter, group, separate or de-duplicate, etc. (i.e., reduce the volume of) responsive material before discussing with and obtaining the written approval of the Department. All objective coding (e.g., near dupe ID or e-mail thread ID) shall be discussed and produced to the Department as additional metadata fields.

5. **Hidden Text**

All hidden text (e.g. track changes, hidden columns, mark-ups, notes) shall be expanded and rendered in the image file. For files that cannot be expanded the native files shall be produced with the image file.

6. **Embedded Files**

All non-graphic embedded objects (Word documents, Excel spreadsheets, .wav files, etc.) that are found within a file shall be extracted and produced. For purposes of production the embedded files shall be treated as attachments to the original file, with the parent/child relationship preserved.

7. **Image-Only Files**

All image-only files (non-searchable .pdfs, multi-page TIFFs, Snipping Tool [and other] screenshots, etc., as well as all other images that contain text) shall be produced with associated OCR text and metadata/database fields identified in section 3 for "Other ESI."

8. **Hard Copy Records**

   a. All hard copy material shall reflect accurate document unitization including all attachments and container information (to be reflected in the PARENTID, ATTACHID, BEGATTACH, ENDATTACH and FOLDERID). Unitization in this context refers to identifying and marking the boundaries of documents within the collection, where a document is defined as the smallest physical fastened unit within a bundle. (e.g., staples, paperclips, rubber bands, folders, or tabs in a binder.) The first document in the collection represents the parent document and all other documents will represent the children.

   b. All documents shall be produced in black and white TIFF format unless the image requires color. An image "requires color" when color in the document adds emphasis to information in the document or is itself information that would not be readily apparent on the face of a black and white image. Images identified as requiring color shall be produced as color 300

dpi single-page JPEG files.

c. All objective coding (e.g., document date or document author) should be discussed and produced to the Department as additional metadata/database fields.

9. **Production of Spreadsheets and Presentation Files.**
All spreadsheet and presentation files (e.g. Excel, PowerPoint) shall be produced in the unprocessed "as kept in the ordinary course of business" state (i.e., in native format). *See* section 18 below. The file produced should maintain the integrity of all source, custodian, application, embedded and related file system metadata. No alteration shall be made to file names or extensions for responsive native electronic files.

10. **Production of Email Repositories**
Email repositories, also known as email databases (e.g., Outlook .PST, Lotus .NSF, etc.), can contain a variety of items, including: messages, calendars, contacts, tasks etc. For purposes of production, responsive items shall include the "Email" metadata/database fields outlined in section 3, including but not limited to all parent items (mail, calendar, contacts, tasks, notes, etc.) and child files (attachments of files to email or other items) with the parent/child relationship preserved. Email databases from operating systems other than Microsoft Exchange shall be produced after consultation with and written consent of the Department about the format for the production of such databases.

11. **Production of Items Originally Generated in E-Mail Repositories but Found and Collected Outside of Email Repositories, i.e., "Stand-alone" Items**
Any parent email or other parent items (e.g., calendar, contacts, tasks, notes, etc.) found and collected outside of email repositories (e.g., items having extensions like .MSG, .HTM, .MHT, etc.), shall be produced items with the "Email" metadata fields outlined in section 3, including but not limited to any attachments, maintaining the family (parent/child) relationship.

12. **Production of Instant Messenger (IM), Voicemail Data, Audio Data, Video Data, etc.**
The responding party shall identify, collect, and produce any and all data which is responsive to the requests which may be stored in audio or video recordings, cell phone/PDA/Blackberry/smart phone data, voicemail messaging data, instant messaging, text messaging, conference call data and related/similar technologies. However, such data, logs, metadata or other files related thereto, as well as other less common but similar data types, shall be produced after consultation with and written consent of the Department about the format for the production of such data.

13. **Productions of Structured Data**
Prior to any production of responsive data from a structured database (e.g., Oracle, SAP, SQL, MySQL, QuickBooks, etc.), the producing party shall first provide the database dictionary and a list of all reports that can be generated from the structured database. The list of reports shall be provided in native Excel (.xls) format.

14. **Productions of Structured Data from Proprietary Applications**
Prior to any production of structured data from proprietary applications (e.g., proprietary timekeeping, accounting, sales rep call notes, etc.) the producing party shall first provide the database dictionary and a list of all reports that can be generated from the structured database. The list of reports shall be produced in native Excel (.xls) format.

15. **Production of Photographs with Native File or Digitized ESI**
Photographs shall be produced as single-page .JPG files with a resolution equivalent to the original image as it was captured/created. All .JPG files shall have extracted metadata/database

fields provided in a Concordance® load file format as outlined in section 3 for "Other ESI."

16. **Images from which Text Cannot be OCR Converted**
    An exception report shall be provided when limitations of paper digitization software/hardware or attribute conversion do not allow for OCR text conversion of certain images. The report shall include the electronic Bates, document id or Bates number(s) corresponding to each such image.

17. **Format of ESI from Non-PC or Windows-based Systems**
    If responsive ESI is in non-PC or non-Windows-based Systems (e.g., Apple, IBM mainframes and UNIX machines), the ESI shall be produced after discussion with and written consent of the Department about the format for the production of such data.

18. **Production of Native Files (When Applicable Pursuant to These Specifications)**
    Productions of native files, as called for in these specifications, shall have extracted metadata/database fields provided in a Concordance® load file format as defined in the field specifications for "Other ESI" as outlined in section 3.

    a. ESI shall be produced in a manner which is functionally useable by the Department. The following are examples:
    - AutoCAD data, e.g., .DWG, .DXF, shall be processed/converted and produced as single-page .JPG image files and accompanied by a Concordance® Image formatted load as described above. The native files shall be placed in a separate folder on the production media and linked by a hyperlink within the text load file.
    - GIS data shall be produced in its native format and be accompanied by a viewer such that the mapping or other data can be reviewed in a manner that does not detract from its ability to be reasonably understood.
    - Audio and video recordings shall be produced in native format and be accompanied by a viewer if such recordings do not play in a generic application (e.g., Windows Media Player).

19. **Bates Number Convention**
    All images should be assigned Bates numbers before production to DOJ. The numbers should be "endorsed" (or "burned in") on the actual images. Native files should be assigned a single bates number for the entire file. The Bates number shall not exceed 30 characters in length and shall include leading zeros in the numeric portion. The Bates number shall be a unique name/number common to each page (when assigned to an image) or to each document (when assigned to a native file). If the Department agrees to a rolling production, the naming/numbering convention shall remain consistent throughout the entire production. There shall be no spaces between the prefix and numeric value. If suffixes are required, please use "dot notation." Below is a sample of dot notation:

    PREFIX0000001           PREFIX0000003
    PREFIX0000001.001       PREFIX0000003.001
    PREFIX0000001.002       PREFIX0000003.002

20. **Media Formats for Storage and Delivery of Production Data**
    Electronic documents and data shall be delivered on any of the following media:
    a. CD-ROMs and/or DVD-R (+/-) formatted to ISO/IEC 13346 and Universal Disk Format 1.02 specifications.
    b. External hard drives, USB 2.0 (or better) or eSATA, formatted to NTFS format specifications.

c.  Storage media used to deliver ESI shall be appropriate to the size of the data in the production.
d.  Media should be labeled with the case name, production date, Bates range, and producing party.

21. **Virus Protection and Security for Delivery of Production Data**
Production data shall be free of computer viruses. Any files found to include a virus shall be quarantined by the producing party and noted in a log to be provided to the Department. Password protected or encrypted files or media shall be provided with corresponding passwords and specific decryption instructions. No encryption software shall be used without the written consent of the Department.

22. **Compliance and Adherence to Generally Accepted Technical Standards**
Production shall be in conformance with standards and practices established by the National Institute of Standards and Technology ("NIST" at www.nist.gov), U.S. National Archives & Records Administration ("NARA" at www.archives.gov), American Records Management Association ("ARMA International" at www.arma.org), American National Standards Institute ("ANSI" at www.ansi.org), International Organization for Standardization ("ISO" at www.iso.org), and/or other U.S. Government or professional organizations.

23. **Read Me Text File**
All deliverables shall include a read me text file at the root directory containing: total number of records, total number of images/pages or files, mapping of fields to plainly identify field names, types, lengths and formats. The file shall also indicate the field name to which images will be linked for viewing, date and time format, and confirmation that the number of files in load files matches the number of files produced.

24. **Exception Log**
An Exception Log shall be included documenting any production anomalies utilizing the electronic Bates number (document id or control numbering) assigned during the collection, processing and production phases.

-XXX-

# CERTIFICATE OF COMPLIANCE

  I/We do hereby certify that a diligent search of the documentary material called for by the subpoena issued pursuant to 12 U.S.C. § 1833a (g) (1) has been made, and that all of the documentary material in the possession, custody or control of the person or entity to whom the subpoena is directed has been produced and made available at the time, place and manner specified. A list identifying all of the documents produced is attached.

  Any documentary material otherwise responsive to this subpoena which has been withheld from production under a claim of privilege or for any other reason has been identified herein by (1) the date of the document, (2) the author(s), (3) the addressee(s), (4) the recipient(s), (5) the title, (6) the subject matter, (7) the purpose of the document, (8) its present custody, (9) such other information as is sufficient or necessary to identify the document, and (10) the nature of the privilege claimed. Any such withheld documentary material will be preserved until we receive notice from the United States Department of Justice that the investigation in furtherance of which the subpoena has been issued is no longer pending.

                     _____
                      Signature

                      _____
                      Title

Sworn to before this

_____ day of July 2013


_____

Notary Public

My commission expires: _____

# UNITED STATES ATTORNEY'S OFFICE
# EASTERN DISTRICT OF NEW YORK
# CERTIFICATE OF COMPLIANCE
# WITH THE RIGHT TO FINANCIAL PRIVACY ACT OF 1978

TO: Clayton Holdings LLC  
     Attn: Custodian of Records  
     c/o Marc Rothenberg, Esq.  
     Blank Rome LLP  
     The Chrysler Building  
     405 Lexington Avenue  
     New York, New York 100174-0208

Subpoena No. EDNY FIRREA 2013-1

FROM: U.S. Attorney's Office  
       Eastern District of New York  
       271 Cadman Plaza East  
       Brooklyn, New York 11201

To the extent that the records by the accompanying subpoena are subject to the Right to Financial Privacy Act of 1978 ("RFPA"), 12 U.S.C. §§ 3401 to 3422, because the exception set forth in 12 U.S.C. § 3413(h)(1)(A) applies here given that this investigation is directed at financial institutions, I hereby certify that the applicable provisions of the RFPA have been complied with as to the subpoena issued by the United States Attorney's Office, Eastern District of New York pursuant to 12 U.S.C. § 1833a(g)(1) and as to subsequent subpoenas issued to you and requests for information in this matter.

Pursuant to the RFPA, 12 U.S.C. § 3417(c), good faith reliance upon this certificate relieves you and your employees and agents of any possible liability to the customer under the RFPA or state or local law in connection with the disclosure of these financial records.

Date: 7/1/2013

By: _____  
John Vagelatos  
Assistant United States Attorney  
United States Attorney's Office  
Eastern District of New York