```
               UNITED STATES DISTRICT COURT
                 DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,      :
                               :
     Petitioner,               :
                               :
v.                             :    CASE NO. 3:13mc116(RNC)
                               :
CLAYTON HOLDINGS,              :
                               :
     Respondent.               :
```

RECOMMENDED RULING

Pending before the court is the petition of the United States of America to enforce an administrative subpoena duces tecum issued to Clayton Holdings ("Clayton"). (Doc. #1.) After a hearing, the court recommends[1] that the petition be granted as set forth below.

This matter arises out of the collapse of the residential housing market following the global financial crisis of 2008. The 2008 financial crisis was caused, in large part, by the securitization of mortgage-related debt. The government is conducting a nationwide investigation into the assembly, underwriting and issuance of residential mortgage-backed securities that contributed to the financial crisis.

Clayton is a Connecticut due diligence firm. According to the government, Clayton was retained by various financial institutions to provide due diligence reviews of the pools of mortgage loans

---

[1]The motion is treated as a dispositive matter pursuant to 28 U.S.C. § 636(b)(1)(A). See In re Administrative Subpoena Blue Cross Blue Shield of Massachusetts, Inc., 400 F. Supp.2d 386, 389 (D. Mass. 2005)(citing cases).

collateralizing residential mortgage-backed securities. (Doc. #2, Pet'r's Mem. at 2.) The government alleges that Clayton's due diligence reviews indicated "potential problems with the individual loans making up the loan pools, as did internal and external communications at Clayton associated with the reviews." (Id.)

As part of its investigation, the government issued a subpoena to Clayton pursuant to the Financial Institutions Reform and Recovery Act ("FIRREA"), 12 U.S.C. § 1833a(g)(1). FIRREA entitles the Attorney General "[f]or the purpose of conducting a civil investigation in contemplation of a civil proceeding under this section" to "subpoena, summon witnesses and require the production of any books, papers, correspondence, memoranda, or other records which the Attorney General deems relevant or material to the inquiry." The subpoena sought documents concerning the due diligence services Clayton provided from 2005 through 2007.

II.  Legal Standard

The "court's role in a proceeding to enforce an administrative subpoena is extremely limited." In re McVane, 44 F.3d 1127, 1135 (2d Cir. 1995). An agency must show only that: (1) the investigation will be conducted pursuant to a legitimate purpose, (2) the inquiry may be relevant to the purpose, (3) the information sought is not already within its possession, and (4) the administrative steps required have been followed. N.L.R.B. v. American Medical Response, Inc., 438 F.3d 188, 192 (2d Cir. 2006).

2

See also United States v. Morton Salt Co., 338 U.S. 632, 652 (1950) ("[I]t is sufficient if the inquiry is within the authority of the agency, the demand is not too indefinite and the information sought is reasonably relevant."); Federal Election Comm'n v. Larouche Campaign, 817 F.2d 233, 234 (2d Cir. 1987) (per curiam) (an administrative subpoena must be enforced "so long as it is for a proper purpose, the information sought is relevant to that purpose, and the statutory procedures are observed").  "A subpoena that satisfies these criteria will be enforced unless the party opposing enforcement demonstrates that the subpoena is unreasonable, or issued in bad faith or for other improper purposes, or that compliance would be unnecessarily burdensome."  N.L.R.B., 438 F.3d at 192.

III. Discussion

The government's subpoena lists eight categories of documents. During oral argument, counsel for the government stated that it is pressing only categories 1 through 3.  Therefore, the government's motion as to requests 4 through 8 should be denied without prejudice to refiling.

Document Request 1

The government first seeks the Clayton Loan Analysis System ("CLAS") database that Clayton used to prepare its due diligence services on mortgage loans and mortgage loan pools from 2005 through 2007.  Clayton argues that the database is not relevant

because all of the information the government needs is contained in the due diligence reports themselves.  The database, according to Clayton, is redundant and unnecessary.  The government explains that it wants direct access to the database itself, not just reports containing information drawn from the database. It also wants to explore concerns that Clayton's clients had access to the database and made changes to it.  It is undisputed that this database was integral to Clayton's due diligence analysis.  "In enforcing administrative subpoenas, courts broadly interpret relevancy . . . ."  N.L.R.B. v. American Medical Response, Inc., 438 F.3d 188, 193 (2d Cir. 2006).  "The initial determination of what information is reasonably relevant is left to the investigating agency. The district court must enforce the subpoena unless the agency's determination of relevancy is 'obviously wrong.'"  In re Gimbel, 77 F.3d 593, 601 (2d Cir. 1996) (citing In re McVane, 44 F.3d 1127, 1135 (2d Cir. 1995)).  The court cannot say that the government's determination of the relevancy of the database is "obviously wrong."

Clayton next argues that production of the database is unduly burdensome because the system is now retired and it would be a "herculean task to even try to bring back useable CLAS data." (Doc. #10, Resp't's Oppn at 23.)  In support, Clayton points to an affidavit of Clayton's attorney that was filed in New York state court in a breach of contract case where Clayton resisted producing

4

the database.  (Doc. #10, ex. 5.)  The plaintiff in that case requested that Clayton produce data from the CLAS system for numerous deals.  (Harris Aff. ¶4.)

The affidavit, which appears to be inapposite to the request at issue, is insufficient to sustain Clayton's objection.  On the record before the court, Clayton has not met its burden that of showing that the subpoena is unreasonable or "unnecessarily burdensome."[2]  SEC v. Brigadoon Scotch Distrib. Co., 480 F.2d 1047, 1056 (2d Cir. 1973).

Document Request 2

The government next seeks due diligence reports Clayton prepared for its clients from 2005 through 2007.  Clayton argues that this document request is overbroad because it is not limited to the financial institutions who are at the heart of the government's investigation at this time.[3]  Information pertaining to its clients who are not currently the focus of the government's inquiry, Clayton argues, is not relevant and should not be compelled.

The government points out that the purpose of FIRREA subpoenas

---

[2]During oral argument, counsel for the government stated that, as a preliminary step, it seeks a meeting with Clayton IT personnel to discuss the feasibility of reviving the database.

[3]Although Clayton does not object to producing documents for work it performed for the clients who are currently at the focus of the government's investigation, it has not yet produced documents for these clients.  (Doc. #10 at 15; doc. #13 at 1.)

is to enable the government to ascertain whether evidence exists. The government's investigation into abuses in the residential mortgaged-backed securities market is broad and extensive. The government maintains that Clayton's due diligence reports, which provided its clients with qualitative information regarding the loans it reviewed, are relevant and within the scope of the government's investigation.

"[T]he relevance of the agency's subpoena requests may be measured only against the general purposes of its investigation." F.T.C. v. Texaco, Inc., 555 F.2d 862, 874 (D.C. Cir. 1997). The Supreme Court has described the role of the administrative summons as "analogous to [that of] the Grand Jury, which does not depend on a case or controversy for power to get evidence but can investigate merely on suspicion that the law is being violated, or even just because it wants assurance that it is not." United States v. Morton Salt Co., 338 U.S. 632, 643-43 (1950). Clayton has not met its burden of showing that the subpoena is unreasonable.

Clayton also argues that the motion should be denied because "to the extent that the [g]overnment has subpoenaed and received due diligence reports from the financial institutions under investigation as well as in prior Clayton productions, it is unreasonable to seek the very same documents." (Doc. #10 at 20.) Clayton has not demonstrated that the subpoena should be quashed on this basis. "Although there may be some redundancy between the

documents sought and those already produced, that in itself does not require a finding that the [subpoenas] should be quashed." Adamowicz v. United States, 531 F.3d 151, 159 (2d Cir. 2008). Even if Clayton previously produced some of the requested documents (and the record is not clear as to any specific documents it has produced), Clayton has not shown that the "bulk of the information requested in the [subpoena] is already in the possession of the [government.]" Id. The government's motion as to document request 2 should be granted.

Document Request 3

Finally, the government seeks Clayton's email communications from 2005 through 2007 concerning its due diligence services on mortgage loans and mortgage loan pools. Clayton argues that this request is overbroad because it is not limited to the companies who are currently at the focus of the government's investigation. The court disagrees. For the reasons stated above in connection with request 2, the relevance objection should be overruled.

Clayton also objects that requiring it to produce these emails is unduly burdensome. The government proposes that the parties cooperate to develop a "reasonable, mutually acceptable set of filters," i.e., search terms to limit the number of responsive records. (Doc. #13 at 6.) In addition, the government has offered to enter into a "claw back" agreement pursuant to Fed. R. Evid. 502. "[C]ourts have refused to modify investigative subpoenas

unless compliance threatens to unduly disrupt or seriously hinder normal operations of a business." FTC v. Rockefeller, 591 F.2d 182, 190 (2d Cir. 1979). See N.L.R.B. v. American Medical Response, Inc., 438 F.3d 188, 192 (2d Cir. 2006) (subpoena will not be enforced if "compliance would be unnecessarily burdensome"). Clayton has not made such a showing. The government's motion as to request 3 should be granted.

IV. Conclusion

For these reasons, the "petition for summary enforcement of administrative subpoena" (doc. #1) should be granted as to requests 1 through 3 as set forth herein. The petition should be denied without prejudice as to requests 4 through 8.

Any party may seek the district court's review of this recommendation. See 28 U.S.C. § 636(b) (written objections to proposed findings and recommendations must be filed within fourteen days after service of same); Fed. R. Civ. P. 6(a), 6(d) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992) (failure to file timely objections to Magistrate Judge's recommended ruling waives further review of the ruling).

Dated this 11th day of November, 2013 at Hartford, Connecticut.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge